IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-cv-51

YOUBE T. HOLDER, JR.,

       Plaintiff,

v.

DAVIS REGIONAL MEDICAL CENTER
and MORRISON MANAGEMENT
SPECIALISTS, INC. (formerly known as
MORRISON HEALTH CARE, INC.),

       Defendants.

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, complaining of the Defendants, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action under, 42 U.S.C. §1981 ("Section 1981") bought by Plaintiff who alleges that based on his race, he was demoted, denied promotions and treated differently with respect to the terms and conditions of his employment.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1434, this suit being a proceeding seeking to enforce rights and remedies secured in Section 1981. Jurisdiction is also conferred upon this court by §1331.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendants complained of herein, violating rights secured to Plaintiff by Section 1981.

## II. PARTIES

4. Plaintiff is an African-American male who resides in Mooresville, North Carolina, Iredell County.

5. Defendant Davis Regional Medical Center is a health care provider and is an employer withing the meaning of § 1981.

6. Defendant Morrison Management Specialists, Inc., formerly known as Morrison Health Care, Inc., is engaged in providing food services and related services to various health care facilities. It is an employer within the meaning of 42 U.S.C §1981.

### III. FACTS

7. Plaintiff began work with Morrison Health Care, Inc. as a vegetable cook in July 2000. He was later promoted to executive chef in 2004 and in May 2012, he began working at Davis Regional Medical Center as Director/Executive Chef.

8. At all times, Plaintiff performed his duties and responsibilities in a more than satisfactory manner as was evidenced by salary increases and bonuses as well as very good performance evaluations.

9. On April 25, 2018, Plaintiff was demoted from his position as Director/Executive Chef. Plaintiff was told that he was not meeting the client's expectations. Specifically, he was told that there were personal issues, financial management and that he had received a citing during a joint commission inspection. Plaintiff denies that there were any personal issues affecting his work performance. Further, Plaintiff shows that for the period in question his financial numbers were higher than in previous years. Finally, while Plaintiff did receive a citation during the joint commission inspection, other persons who also received citations who were white were not demoted or removed from their positions. Plaintiff was told by the

Assistant CEO for Davis Regional Medical Center that he had received a conditional citing. However, that information was false. The hospital did not receive any conditional citings.

10. Plaintiff was replaced as Executive Director/Chef for the Davis Regional Medical Center by a white male with less experience.

11. Plaintiff was offered a demotion as the only way to continue his employment with Morrison Management Specialists, Inc. The demotion consisted of a $16,000.00 pay cut plus loss of bonuses and other fringe benefits. Plaintiff was assigned to work at the Lake Norman Regional Medical Center where he worked and performed his duties in a satisfactory manner. While at Lake Norman Regional Medical Center, Plaintiff's director rated his 2018 performance at above target. However, pursuant to instructions by Mark Bellefeuil, the Vice President, his evaluation was changed from above target to below target or at target.

12. Since leaving the Director/Executive position at Davis Regional Medical Center, Plaintiff has applied for numerous positions as Director/Executive Chef but has been denied those promotions. White people with less experience have been rewarded the positions.

## IV. FIRST CAUSE OF ACTION

13. Plaintiff reasserts paragraphs 1 – 12 above.

14. Davis Regional Medical Center, at the time of Plaintiff's employment, had no African-American in any managerial position. Plaintiff's employment as Director/Executive Chef for the Davis Regional Medical Center was cancelled, according to Morrison Management Specialists, Inc.'s health care officials at the request of officials at Davis Regional Medical Center. The efforts by Davis Regional Medical Center to remove Plaintiff from its premises and the contract caused Plaintiff to lose his position. Defendant's actions were motivated by race discrimination.

15. Defendant Davis Regional Medical Center discriminated against the Plaintiff on the basis of his race when it insisted that he be removed from his position.

16. Defendant Davis Regional Medical Center's actions have caused Plaintiff economic damage and emotional distress. Defendant's actions violated 42 U.S.C. §1981.

## V. SECOND CAUSE OF ACTION

17. Paragraphs 1 – 16 above are incorporated herein.

18. Plaintiff has experienced race discrimination in his employment with Morrison Management Specialists, Inc. Plaintiff was demoted from a position of Director/Executive Chef with a cut in pay and benefits. The reasons given by Defendant for terminating his position and demoting him were pretextual for race discrimination. Plaintiff was replaced by a white employee with less experience and knowledge in the position.

19. Defendant's actions violate 42 U.S.C. §1981.

20. Plaintiff has been denied positions to Director/Executive Chief on a number of occasions and was replaced by white persons with less experience and abilities than Plaintiff.

## VI. JURY TRIAL DEMAND

21. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

a) Declare the actions complained of herein to be illegal;

b) Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants and at their direction from engaging in the unlawful practices set forth herein;

c) Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

d) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 25th day of April, 2022.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff