IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-051-KDB-DCK

| | |
|---|---|
| YOUBE T. HOLDER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVIS REGIONAL MEDICAL CENTER, )<br>and MORRISON MANAGEMENT )<br>SPECIALISTS, INC., f/k/a MORRISON )<br>HEALTH CARE, INC., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Consent Protective Order" (Document No. 36) filed December 9, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Defendants Morrison Management Specialists, Inc. ("**Morrison**") and Davis Regional Medical Center ("**DRMC**") and Plaintiff Yoube T. Holder, Jr. ("**Holder**") (each, a "**Party**" and, collectively, the "**Parties**"), through counsel, have consented to the entry of this Protective Order (this "**Protective Order**").

**IT IS, THEREFORE, ORDERED** that the following terms and conditions, having been agreed to by the Parties, are approved by the Court and binding on all Parties to this action:

1. A protective order restricting the use and dissemination of confidential documents and/or information is necessary and appropriate to facilitate the litigation of this action.

2. For purposes of this Protective Order, any reference to confidential information shall include documents, material, and testimony designated as "Confidential," including any information derived therefrom.

3. Any Party (the "**Designating Party**") may designate information as "Confidential," if such Party believes, in good faith, that such information contains confidential or proprietary information.

4. The Parties shall designate information as "Confidential" in the following manner:

(a) In the case of documents, by stamping or writing "Confidential" on every page of the document in which confidential information appears. If the document is not in paper form, the Designating Party shall use reasonable and clearly visible or explanatory means to identify the document as confidential; or

(b) In the case of depositions or other pretrial testimony: (1) by a statement on the record and/or in writing, by counsel, that such testimony shall be treated as "Confidential"; or (2) by written notice, sent by counsel to all other Parties within 30 days of receiving a copy of the transcript, that certain portions of the transcript shall be deemed "Confidential." To protect this right, the entire transcript shall be treated as "Confidential" for 30 days after receipt of the transcript. However, this provision does not prevent the deponent from reviewing the transcript.

5. Any information designated as "Confidential" shall be used solely for the purpose of prosecuting or defending against any claim asserted in this action and not for any other purpose.

6. Except upon the prior written consent of the Designating Party, or upon further order of the Court, all information designated as "Confidential" may only be disclosed by recipients to the following persons:

(a) Counsel of record in this action, their partners, associates, paralegals, and clerical or administrative support staff;

(b) The Parties and any employees, officers, agents, and/or representatives of a Party who are assisting counsel in this action;

(c) Experts or consultants (including their employees or agents) retained by or assisting a Party for the preparation or trial of this action;

(d) The Court and its staff;

(e) Stenographic reporters engaged for depositions or proceedings necessary to this action;

(f) Persons, excluding those referenced in subparagraph 6(b), noticed for depositions (provided that such person may not retain confidential material);

(g) Any mediator or arbitrator appointed by the Court or engaged by the Parties; and

(h) Any other person ordered by the Court in the interest of justice or agreed upon in writing by the Designating Party.

7. Before disclosing any confidential information to any person or entity entitled to review such information pursuant to the provisions of subparagraphs 6(c), 6(f), and 6(h), counsel making disclosure shall provide the person to whom disclosure is to be made with a copy of this Protective Order and obtain a declaration, in the form attached

hereto, acknowledging that he or she has read this Protective Order, will abide by its terms as a condition of disclosure, and will submit to the jurisdiction of this Court.

8. The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the work product doctrine, or the protections afforded to materials designated as "Confidential" under the terms of this Protective Order. Upon receiving written notice from the producing person or entity that such materials, including copies or summaries thereof, have been inadvertently produced, all such materials shall be returned to the producing person or entity immediately, and no later than within five (5) business days of receipt of such notice.

9. If any Party disputes the designation of any information, said Party shall notify the Designating Party in writing. If the Parties are unable to agree, within 10 days of the Designating Party's receipt of the notice, as to whether the information is properly designated as "Confidential," counsel for the Party objecting to the designation may file an appropriate motion with the Court, seeking an order determining whether the information is entitled to confidential status. Until a final resolution of the dispute is achieved, either through consent or court order, all Parties shall treat the information according to the designation made by the Designating Party.

10. If confidential material is filed with the Court, attached to any papers filed with the Court, or quoted in any document filed with the Court, such confidential material and filings shall be filed in accordance with Local Rule 6.1.

11. Nothing herein shall restrict the presentation of any evidence at trial or any other hearing; provided that such presentation shall not constitute a waiver of any restriction contained in this Protective Order.

12. This Protective Order has no effect upon, and shall not apply to: (a) the Parties' use of their own confidential information, for any purpose, or (b) information designated as confidential that has been obtained lawfully by a Party, independently of the discovery proceedings in this action.

13. The ultimate disposition of confidential material is subject to a final order of the Court upon completion of litigation. Subject to the Court's approval, the Parties agree that confidential information (including all copies) in the possession of counsel, his or her clients, and his or her clients' experts or consultants should be disposed of by either returning the confidential information to the Designating Party or certifying to the destruction of the confidential material within 30 days of receipt of an order, judgment, or decree finally disposing of this action (provided, however, that counsel for each Party may retain a copy of the confidential information in their files to comply with the rules of the State Bar). Upon request, Counsel shall certify, in writing, that all such information has been destroyed (or returned to the producing person or entity), and each expert or consultant who received copies of such information shall certify that he or she has destroyed all notes, memoranda or other documents created by that expert or consultant from, or containing information contained in, the confidential information.

14. The Parties' obligations under the terms of this Protective Order shall survive resolution of this action and/or termination of this Protective Order and shall be binding on the Parties' successors and assigns.

15. The Parties agree that this Protective Order will operate as a contract between the Parties and bind them from the date of its execution by their undersigned attorneys, irrespective of when and whether it is entered by the Court.

**SO ORDERED**.

Signed: December 9, 2022

_____
David C. Keesler
United States Magistrate Judge

**WE CONSENT:**

s/Geraldine Sumter
Geraldine Sumter (N.C. State Bar No. 11107)
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
E-mail: gsumter@fergusonsumter.com
*Attorney for Plaintiff Yoube T. Holder, Jr.*

s/Jared E. Gardner
Jared E. Gardner (N.C. State Bar No. 28275)
Florence Thompson (N.C. State Bar No. 55195)
Gardner Skelton PLLC
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Facsimile: (704) 390-7027
E-mail: jared@gardnerskelton.com
E-mail: florence@gardnerskelton.com
*Attorneys for Defendant Morrison Management Specialists, Inc.*

s/Deanna D.Anderson
Deanna D. Anderson (N.C. State Bar No. 22449)
Le'Ron A. Byrd (N.C. State Bar No. 55732)
Parry Law, PLLC
100 Europa Drive, Suite 351
Chapel Hill, North Carolina 27517
Telephone: (919) 913-3320
Facsimile: (919) 869-2600
E-mail: dda@parryfirm.com
E-mail: lab@perryfirm.com
*Attorneys for Davis Regional Medical Center*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:22-CV-051-KDB-DCK

| | |
|---|---|
| **YOUBE T. HOLDER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **DECLARATION TO CONSENT** |
| ) | **PROTECTIVE ORDER** |
| **DAVIS REGIONAL MEDICAL CENTER** ) | |
| **and MORRISON MANAGEMENT** ) | |
| **SPECIALISTS, INC. (formerly known as** ) | |
| **MORRISON HEALTH CARE, INC.),** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

I, _____, declare as follows:

1. I have read the Consent Protective Order attached hereto, and I understand and will abide by its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Western District of North Carolina and binds me to the provisions of the Consent Protective Order.

3. I declare under penalty of perjury, under the laws of the State of North Carolina and of the United States of America, 28 U.S.C. § 1746, that the foregoing is true and correct.

This the \_\_\_\_ day of _____, _____.

_____